IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE V. FABIAN, JR., | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 21-555 |
| PSP TROOPER ADAM KAZMARSKY and PSP TROOPER WYATT TIDHOLM, *individually and in their official capacities*, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**[1]

Pro se Plaintiff George V. Fabian, Jr. ("Fabian"), a prisoner at the State Correctional Institution ("SCI") at Fayette, brings this civil rights action under 42 U.S.C. § 1983 against Defendants PSP Trooper Adam Kazmarsky and PSP Trooper Wyatt Tidholm (collectively "Defendants").[2] The events at issue relate to an alleged incident of excessive force that occurred during Fabian's arrest in Uniontown, Pennsylvania and a purported subsequent cover-up. Pending before the Court is Defendants' partial motion for judgment on the pleadings (ECF No. 14) in which they seek judgment in their favor on Fabian's official capacity and Eighth Amendment claims.

For the reasons below, the motion will be granted.

**I.     Relevant Procedural Background**

After his motion for leave to proceed in forma pauperis was granted, Fabian's complaint was docketed on May 11, 2021. (ECF No. 6.) He raises the following legal theories: violations

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case. Thus, the undersigned has the authority to decide dispositive motions and enter final judgment.

[2] Although Fabian refers to South Union Township, E.M.S. in his Complaint, he has not named them as a party. (ECF No. 6 ¶ IV.C.3.)

1

of the Fourteenth (Equal Protection) and Eighth Amendments, assault, failure to protect, police brutality, excessive force, assault, and battery by a government official. (*Id.* ¶ III.) In addition to seeking monetary damages, he also requests that all parties involved in the April 23, 2019, incident be "reprimanded." (*Id.* ¶ VI.)

Defendants jointly answered and raised certain defenses. (ECF No. 13.) Several days later, they moved for partial judgment on the pleadings. (ECF No. 14.) As Fabian has responded to the motion (ECF No. 27), this matter has been fully briefed.

## II.     Relevant Factual Background

Trooper Kazmarsky initiated a traffic stop on April 23, 2019, shortly before midnight.[3] (ECF Nos. 6 ¶ C.1; 13 4.C.) At some point during the interaction, Trooper Kazmarsky pointed a gun at Fabian's head while Fabian was lying on the ground with his hands visibly out to the side. (ECF No. 6 ¶ C.1.) Fabian was then ordered to put his hands above his head, which he did. (*Id.*) Trooper Kazmarsky kicked him in the side, resulting in three broken ribs, a fractured spine, and a punctured lung. (*Id.*) Despite his obvious injuries and Fabian declaring that he could not breathe, Trooper Kazmarsky ordered him to walk up a steep hill and the local emergency medical services denied him treatment. (*Id.* ¶ C.)

Following this incident, Fabian alleges, Troopers Kazmarsky and Tidholm falsified information in both the police report and the Affidavit of Probable Cause. (ECF No. 6 ¶ IV.C; 13 ¶¶ (4)(C), 5.) They did this by representing that Fabian had resisted arrest and was hiding his hands under his body when the force was applied. (ECF No. 6.IV.C.)

---

[3] While the parties disagree as to many of the facts, they do agree that Trooper Kazmarsky struck Fabian while he was lying on the ground before bringing him into custody. (ECF No. 6 ¶ IV.C.1.)

### III.     Legal Standard

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  Where, as here, Defendants' "motion for judgment on the pleadings [is] based on the defense that the plaintiff has failed to state a claim[, the motion] is analyzed under the same standards that apply to a Rule 12(b)(6) motion." *Zimmerman v. Corbett*, 873 F.3d 414, 417 (3d Cir. 2017).

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed, in whole or in part, for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).  When "accept[ing] all of the complaint's well-pleaded facts as true," the court "may disregard any legal conclusions." *Id.* at 210-11.

To survive a motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).  In sum, the plaintiff "must plead facts sufficient to show that

her claim has substantive plausibility." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014).

To assess the sufficiency of a complaint under *Twombly* and *Iqbal*, a court must take three steps: (1) outline the elements the plaintiff must plead to state a claim for relief; (2) peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth; (3) look for well-pled factual allegations, assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief. *See, e.g.*, *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). The court's plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

"[A] document filed pro se is to be liberally construed . . . and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation and quotations omitted); *see also Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a pro se litigant's pleadings is well-established"). Additionally, the court must "apply the relevant legal principle even when the complaint has failed to name it." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013). But "pro se litigants still must allege sufficient facts in their complaints to support a claim[,]" and "they cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.* at 245.

**IV.   Discussion**

In their motion for partial judgment on the pleadings, Defendants assert that the Eleventh Amendment bars Fabian's official capacity claims and that Fabian has neither stated nor can he state an Eighth Amendment claim. For the reasons below, this Court agrees.

4

A.        Eleventh Amendment Immunity

The Complaint asserts claims against Defendants in both their official and individual capacities. (ECF No. 6.) Defendants contend that Fabian's official capacity claims are barred by the Eleventh Amendment. (ECF No. 15 at 3-4.) Fabian responds that Defendants are not entitled to immunity because he seeks injunctive relief, i.e., that "the Court reprimand all of the parties involved in this incident." (ECF No. 27 ¶ 6.) Moreover, he argues that because it is very likely that Defendants previously violated other people's constitutional rights by using excessive force and no remedial action was taken by Defendants' superiors, the police had to have known that Defendants might violate his rights. (*Id.* ¶ 8.)

The Eleventh Amendment proscribes actions in the federal courts against states, their agencies, and state officials acting within their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985); *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 254 (3d Cir. 2010) ("'official-capacity suits generally represent only another way of pleading an action' against the state") (quoting *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). Pennsylvania State Troopers are agents or arms of the Commonwealth of Pennsylvania and, as such, they, when sued in their official capacities, are entitled to Eleventh Amendment immunity unless an exception to such immunity applies. *Atkin v. Johnson*, 432 F. App'x 47, 48 (3d Cir. 2011). "Such immunity . . . may be lost in one of two ways: (1) if the Commonwealth waived its immunity; or (2) if Congress abrogated the States' immunity pursuant to a valid exercise of its power." *See, e.g., Lavia v. Pa., Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000). Neither exception applies to Fabian's § 1983 claims. The Commonwealth has not waived its immunity, *see, e.g., id.* at 95-96 (citing Pa. Const. Art. I, § 11 and 42 Pa. Cons. Stat. § 8521(b)), and Congress did not abrogate states' sovereign immunity

when it enacted § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Quern v. Jordan*, 440 U.S. 332, 339-46 (1979).

Although claims against state officers in their official capacity for prospective relief are not barred by the Eleventh Amendment, this exception, first set forth in *Ex parte Young*, 209 U.S. 123 (1908), is "narrow," and "does not permit judgments against state officers declaring that they violated federal law in the past." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (emphasis added) (citing *Green v. Mansour*, 474 U.S. 64, 73 (1985)); *see also Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health & Human Servs.*, 730 F.3d 291, 318-19 (3d Cir. 2013). The purpose of this exception is to ensure that state officials cannot employ the Eleventh Amendment to avoid compliance with federal law. *Puerto Rico Aqueduct & Sewer Auth.*, 506 U.S. at 146.

Fabian's claim for injunctive relief does not fit within the narrow confines of the *Ex parte Young* doctrine. The relief he seeks is not prospective as he does not assert any ongoing violations of his rights. Rather, he seeks a "reprimand" directed to Defendants based on events that allegedly occurred in the past and insinuates that his injuries could have been avoided had the Pennsylvania State Police taken appropriate steps at that time.[4] Thus, because his claim for injunctive relief relates to alleged violations of federal law that occurred in the past, it cannot be sustained.

For these reasons, Fabian's official capacity claims will be dismissed.

B.     Eighth Amendment Claim

Defendants also move for judgment on the pleadings with respect to Fabian's Eighth Amendment claim because Fabian was not a sentenced prisoner at the time of the events in

---

[4] Notably, Fabian has not named the Pennsylvania State Police or Defendants' superiors as parties nor has he pleaded facts to state a *Monell* claim.

question.  (ECF No. 15 at 4-5.)  Fabian responds that if this Court denies his Eighth Amendment claim, no relief would be available to any person who is unlawfully beaten by the police prior to being sentenced.  (ECF No. 27 ¶ 10.)

Defendants correctly state that our Court of Appeals has held that "the Eighth Amendment's Cruel and Unusual Punishments Clause does not apply until 'after sentence and conviction.'"  *Hubbard v. Taylor*, 399 F.3d 150, 164 (3d Cir. 2005) (quoting *Graham v. Connor*, 490 U.S. 386, 392 n. 6 (1989)).  *See also Murray v. Keen*, 763 F. App'x 253, 255 (3d Cir. 2019) ("sentenced prisoners are protected from only punishment that is 'cruel and unusual' while pretrial detainees are protected from any punishment").  Here, Fabian's excessive force claims arose before conviction and sentencing and as such, the Eighth Amendment is not applicable.  Accordingly, his Eighth Amendment claim must be dismissed.

In so ruling, the Court makes clear that it is not dismissing Fabian's excessive force claim.  Because the claim arose prior to police custody, this claim is properly brought under the Fourth Amendment.  *See Jefferson v. Lias*, 21 F.4th 74, 78 (3d Cir. 2021) ("[c]laims of excessive force against law enforcement officers brought by persons outside of police custody are analyzed under the Fourth Amendment").  Defendants concede in their supporting brief that the allegations in the Complaint may state a claim under the Fourth Amendment.  (ECF No. 15 at 6 n.1.)  Thus, the Court will construe the excessive force claim in the Complaint as a claim under the Fourth Amendment.

**V.     Leave to Amend**

When dismissing a civil rights case for failure to state a claim, a court must give a plaintiff a chance to amend a deficient complaint, irrespective of whether it is requested, unless doing so would be "inequitable or futile."  *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482

F.3d 247, 251 (3d Cir. 2007). "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alston v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).

For the reasons discussed, amendment would be futile as to Fabian's official capacity and Eighth Amendment claims. Therefore, he will not be given leave to amend his Complaint.

**VI.    Conclusion**

Defendants' partial motion for judgment on the pleadings will be granted. An appropriate order follows.

BY THE COURT:

Dated: April 8, 2022

s/Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge

cc:    George V. Fabian
       NX9182
       SCI FAYETTE
       50 Overlook Drive
       LaBelle, PA 15450